JOHN DOYLE *et al.*

*v.*

MICHAEL B. BAILEY *et al.*

1. PARTNERSHIP — *an agreement for, alone, does not create a partnership.* There is a material difference between a partnership entered into between parties in regard to a certain business and an agreement to form a partnership. A mere agreement to form a partnership does not of itself create a partnership. The parties must enter upon the execution of the agreement before the relation of partners exists between them.

2. SAME — *when remedy must be sought on agreement, at law.* Where one party having a contract on public works enters into an agreement with

another to form a partnership in the business under such contract and in other contracts that they may obtain, and complete such contract, dividing the profits, after which the first gives notice that he will continue the arrangement no longer, but will bid on his own account, and a subsequent contract is awarded to him, from which he excludes the other, there will be no partnership in the business under the last contract, and a bill for an account, etc., will not lie. The remedy of the other party in such case will be at law for a violation of the agreement.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

This was a bill in chancery, by John Doyle and Peter Johnson against Michael B. Bailey and the board of county commissioners of Cook county. The object of the bill and facts of the case are stated in the opinion of the court.

Mr. W. T. BURGESS, for the appellants.

Messrs. RUNYAN, AVERY & COMSTOCK, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by appellants, in the Superior Court of Cook county, against appellees, to require Bailey to render an account under a certain contract, and to restrain appellees from excluding appellants from participating in the work under the contract, and for the appointment of a receiver.

Upon the hearing, the court dismissed the bill.

The appellants rely upon two grounds to obtain a reversal of the decree: first, that the court improperly dismissed the bill; second, it was error to refuse to appoint a receiver.

The record discloses the fact that in the fall of 1872 appellee Bailey obtained a contract from the board of county commissioners of Cook county to build the foundation for the Cook county jail and criminal court building in Chicago, and that he was induced to let appellants in with him in the contract. Some time after the work had been commenced, appellants and Bai-

ley entered into a contract, in writing. That portion of the contract which is material to a proper understanding of the case, is as follows:

" Whereas the said parties did, on the 30th day of September, A. D. 1872, by the action of the board of commissioners of Cook county, have awarded to them, under the style and firm name of M. B. Bailey & Co., the contract for the furnishing and delivering of all the materials and all the work and labor for the foundation and walls to grade, of the Cook county jail and criminal court buildings, in the city of Chicago. And whereas, it is the intention of said parties to bid for other portions of the work and materials for said buildings, and if the contract or contracts therefor should be awarded to them or either of them, then to conduct and carry on the same under the name and style of Doyle & Johnson, including the first aforesaid contract. It is hereby agreed by and between the said parties, mutually with each other, to give their time and attention to said work, and the fulfilment of such contract or contracts as co-partners, and do and perform all things in and about the same for their best advantage and profit, and exercise their best endeavors in every possible way and manner to promote the joint interest, benefit and advantage of said co-partners.

" And it is hereby mutually agreed that all the necessary expenses of said co-partnership and business shall be equally borne and paid by said parties ; that all the gains, profit and increase arising from said business, work, labor, materials and contracts shall be equally divided between said parties, and that all losses that may arise in said business, work, labor, materials and contracts by reason of bad debts, ill commodities or otherwise, not chargeable to the negligence or inattention of either party, shall be borne and paid equally between them."

Bailey furnished the capital and material for the work, the job was finished, the money received, and, after the material and labor was paid for, the balance of the money was properly divided between the parties.

In the meantime, however, bids were solicited by the board of commissioners for furnishing labor and materials for the erection of the building.

Appellants were notified by Bailey that he should bid for himself for the job, and they were at liberty to do likewise, and in the event they obtained the contract, he would have nothing to do with it, and if he procured the contract, he would not permit them to take any part in it with him. Appellants submitted a bid together, and Johnson an individual bid. Appellee Bailey bid in his own name, and was awarded the contract. He executed a contract in his own name, with the commissioners, furnished proper security for the performance of the contract, and refused from the outset to recognize appellants as having any right or title in and to the contract.

Bailey furnished the entire capital, labor and materials, and proceeded with the work, under the contract, for almost five months, when appellants, who had not furnished a dollar of capital, or any labor or material, filed their bill and ask the aid of a court of equity to compel appellee to let them come in and share in the profits growing out of the contract.

Conceding it to be true that the contract entered into by appellants and appellee Bailey is comprehensive enough in its terms to embrace any future work which might be contracted for by either of the parties, no partnership, in fact, was ever in existence in regard to this work.

The most that could be said of the contract is, that it was an agreement to form a partnership, procure a contract from the board of commissioners to do a certain job of work, complete the job and share in the profits.

Before the time arrived to put in bids for the new work, Bailey declined to take the work with appellants. He absolutely refused to enter into a co-partnership with appellants, and gave them notice of that fact in order that they might compete with him in bidding for the work.

There is a wide difference between a partnership entered into

between two parties in regard to a certain business, and an agreement to form a partnership.

In the case of *Wilson* v. *Campbell*, 5 Gilm. 383, it was held that a mere agreement to form a partnership does not of itself create a partnership. The parties must enter upon the execution of the agreement before the relation of partners exists between them.

Bailey absolutely refused to procure the job and perform the work in connection with appellants as partners or otherwise. If he did this in violation of an agreement previously made, what remedy have appellants?

The answer is obvious. The remedy is in a court of law, in an action for a breach of contract.

We are unable to perceive any reason why that remedy would not be adequate. The remedy in a court of law being full and complete, it follows that a court of equity would not entertain jurisdiction of the cause, and the bill was properly dismissed.

In regard to the second point made, that the court erred in refusing to appoint a receiver, as no partnership, in fact, existed between appellants and Bailey at the time of filing the bill, no necessity existed for the appointment, and the court very properly refused the application of appellants for that purpose.

The decree will be affirmed.

*Decree affirmed.*