JOHN F. WOLLENSAK

v.

ORLANDO P. BRIGGS.

1. SPECIFIC PERFORMANCE—PERSONAL SERVICES.—Courts of chancery will not entertain bills to compel the specific performance of contracts for personal services. Especially is this true where the services stipulated for require the exercise of mechanical skill, intellectual ability and the exercise of judgment.

2. CONTRACT MUST BE CERTAIN AND DEFINITE.—A bill for specific performance will not be maintained unless the contract sought to be enforced is certain and definite in its terms and in all its parts.

3. SAME.—A bill to compel the specific performance, by the defendant, of certain contracts between him and complainant. By these contracts defendant undertook to produce and construct by his labor, skill and inventive genius certain improved machinery. No details or specifications were given in the contracts as to the form, material, structure, principle or mode of operation of the proposed machine. All of these matters were left wholly to the judgment and discretion of the defendant. Applying the above mentioned principles to the facts of this case, *held* that the bill can not be maintained. The argument that a portion of the relief sought, viz., tha the

defendant be required to show and exhibit to the complainant the plans and drawings of said machines heretofore prepared by him, and to make disclosure and discovery to complainant of the principles and structure of the machines already built, is not in the nature of decreeing a specific performance of the contracts, and therefore does not come within said principles, is not tenable.

APPEAL from the Circuit Court of Cook county ; the Hon. MURRAY F. TULEY, Judge, presiding.  Opinion filed June 23, 1836.

In this case Wollensak filed his bill in chancery against Briggs, alleging the execution by Briggs of two contracts in writing, by which he agreed to construct for the complainant two certain machines, one for making speaking tubes, and the other for making speaking tube elbows, which machines were to embrace and embody various new and useful improvements and inventions made, and to be made, by the defendant, and to assign such improvements and inventions to the complainant, the same to be secured by letters patent, if so desired, the complainant agreeing to pay the defendant for the first of said machines the sum of $800 when it should be completed and approved by him, and for the other machine the sum of $600, payable partly in installments while the machines were being built, and the residue when the complainant had finally accepted the machine and was entirely satisfied with it.  The contract in relation to the first machine was subsequently modified by increasing the consideration to be paid therefor to $900, and limiting the complainant to the right to use the machine for making speaking tubes, reserving to the defendant the right to use it for making stove pipe and other articles.

The bill further alleges that the defendant partially built one of the machines for making speaking tubes, bringing it almost to a point of completion, which he tried and experimented with and pronounced a failure; that the defendant then or about that time showed and explained to the complainant new drawings, which he said he had prepared, and according to which he then proposed to build another machine in place of the one first built and tried, and that the complainant was so impressed therewith and so desirous of procuring and

having said machine, that he thereupon and as a further consideration therefor, agreed to pay the defendant said additional $100; that the defendant afterward began work on another machine, which was built in accordance with said new drawings, and after bringing it almost to a point of full completion, invited the complainant to see the same operated, it being then substantially finished so as to make one size of speaking tube, and was in fact almost entirely finished in every respect except as to the gearing attachments and a few small features or details of construction; that the defendant also began to work on a machine for making speaking tube elbows, and substantially completed the same, but never delivered it to the complainant or put it to actual use so far as the complainant knows.

That after building said machines as above stated, the defendant informed the complainant that he had been put to greater expense than originally contemplated or expected, and therefore suggested and insisted that the complainant should pay him a larger sum for said machines than specified in said agreements; that in view of the facts, and because of his anxiety to get said machines, the complainant then expressed a willingness to pay the defendant a larger sum therefor than he was under obligation to pay, and that the complainant has in fact paid the defendant at various times, on account of said machines, in all the sum of $1,200 ; that after the complainant had expressed his willingness to pay the defendant a greatly increased price for said machines, and had paid him $1,200 on account thereof, the defendant declined and refused to deliver said machines or either of them to the complainant, or to execute and deliver to the complainant any assignment or license in reference to said inventions or improvements, but, as the complainant believes, delivered both of said machines to other parties, and promised and agreed to assign to them or did actually attempt to transfer and assign to them the interest in said inventions and improvements, which he had previously agreed to transfer to the complainant, and that he refuses to deliver said machines or to assign or transfer said inventions and improvements to the complainant, and that

Wollensak v. Briggs.

combining and confederating with others, he is now seeking to cheat and defraud the complainant out of his money paid for said machines and for said rights and privileges, said conduct on the part of the defendant being calculated and intended to work great and irreparable loss and injury to the complainant.

That the defendant, at the instance and for the benefit of other parties to whom he has attempted to sell and assign said inventions and improvements, has made or intends to make application for letters patent therefor, but that applications for patents pending in the patent office being secret, the complainant has no means of knowing or ascertaining the actual facts in relation thereto, and that all the facts in this respect being peculiarly within the knowledge of the defendant, it is necessary for the complainant to have a discovery and disclosure from him, as to whether he has filed such application and the status thereof, and what proceedings have been taken thereon; that such machines are of such peculiar kind and construction, that the complainant can not build the same or have them built by others, and that their construction and operation involve the use of said inventions and improvements, which, so far as the complainant knows, have never been described or explained to others so as to enable them to manufacture or use the same; that the defendant has never delivered to the complainant any specifications or drawings of said machines or otherwise explained their construction and operation so as to enable the complainant to utilize and enjoy the exclusive rights and privileges agreed to be assigned to him, and which if capable of being used as intended and represented, would be of great value to him in his business; that in order to enable the complainant to have similar machines built or in any way to use or utilize said inventions and improvements, it is necessary for him to have drawings, specifications or explanations thereof, and for this purpose to have a further discovery and disclosure from said defendant, showing the exact construction and manner of operation of said machines, and such other facts as may be necessary to enable the complainant to have them built and put in operation in the complainant's business.

Wollensak v. Briggs.

That the defendant, while engaged in building said machines for the complainant, at various times exhibited to the complainant, drawings of said machines in accordance with which defendant was building the same, and which the complainant understood when the same were before him; that the complainant approved and was satisfied with the machines which were described and shown in such drawings, and which the defendant was building, and repeatedly told the defendant so; that at the time the defendant exhibited the second machine to the complainant practically completed, except some gearing and other slight details of construction, the complainant informed the defendant that he was satisfied with such machine and approved and was ready to accept and pay for the same, and at various times the complainant has so expressed himself to the defendant; that the complainant is able to build said machines if he can have the drawings of the same which were exhibited to him from time to time by the defendant before him for examination and inspection, or copies of the same, and is ready and willing and offers to build said machines himself, if the defendant will permit him to inspect and examine said drawings; that he has so expressed himself to the defendant at various times, and has requested him to permit an examination and inspection of such drawings, but the defendant has always refused to permit such inspection or examination on the part of the complainant or others for him, and now refuses to accord the complainant such privilege; that the defendant is wholly irresponsible and insolvent, and that a judgment at law against him would be unavailable and uncollectible, and would afford the complainant no adequate remedy in the premises, and that the complainant is wholly without remedy except in equity.

The bill prays that the defendant may be decreed to carry out and specifically perform all and singular said agreements on his part; that he be required to build and deliver to the complainant machines of the kind and for the purpose aforesaid, and containing the inventions and improvements aforesaid according to the letter and spirit of said agreements; that if he has not already made such application, he be required to

Wollensak v. Briggs.

make application for letters patent for said inventions and improvements, and to assign to the complainant the rights and privileges therein to which he is entitled under said agreements; that if unable to build and deliver said machines, he may be required to make and deliver to the complainant full and complete drawings, specifications and explanations thereof, so as to enable the complainant to build the same or have the same built elsewhere; that he may also be required to disclose and discover whether he has made any application for letters patent on said inventions or improvements, or either of them, and if so, the status thereof, and what proceedings have been had thereon; that he may be required to show and exhibit to the complainant or to mechanical experts or draftsmen, on behalf of the complainant, the drawings of the machines mentioned in said contracts, which he has already made and prepared, and on several occasions showed to the complainant while engaged in building said machines, and that he permit the complainant, or others for him, to examine such drawings and make copies of the same for the use of the complainant in building such machines himself; that he may be enjoined from assigning to any other person or persons the rights and privileges in said inventions and improvements agreed to be assigned to the complainant, and from incumbering the same or seeking to hinder and embarrass the complainant in the full and free use and enjoyment thereof; and that he be decreed to pay to the complainant the damages by him sustained by reason of said failure to carry out and perform said agreements, and also a general prayer for relief.

To the foregoing bill the defendant interposed a general and special demurrer, which the court below sustained, and a decree was thereupon entered dismissing the bill at the cost of the complainant for want of equity. From this decree the complainant has appealed to this court.

Messrs. Banning & Banning, for appellant; that where a plaintiff claims property he is entitled to discovery of what the property is which is sought to be recovered, cited Bray on Discovery, 21; Maden v. Veevers, 7 Beav. 489; Davis v. Dysart, 20

Beav. 405 ; Copinger on Title Deeds, 54; Kerr on Discovery, 277; Lambert v. Rogers, 2 Mer. 490 ; Thorpe v. Holdsworth, 7 L. R. Eq. 147; Vidi v. Smitn, 3 El. & Bl. 969 ; Morgan v. Seward, 1 Webst, Pat. Cas. 169.

Mr. JESSE COX, for appellee; as to specific performance, cited Rutland Marble Co. v. Ripley, 10 Wall. 339 ; Richmond v. D. & S. City R. R. Co., 33 Iowa, 486; Bickford v. Davis, 11 Fed. Rep. 549 ; Sutherland v. Parkins, 75 Ill. 338 ; Brace v. Wehnert, 25 Beav. 348 ; Baldwin v. Society, 9 Simons, 393; Clark v. Price, 2 Wilson Ch. R. 157; Kimberley v. Jennings, 6 Simons, 340 ; Kemble v. Kean, 6 Simons, 334 ; Hamblin v. Dinneford, 2 Edwards' Ch. Rep. 528 ; Allegheny Base Ball Club v. Bennett, 14 Fed. Rep. 257; Stocker v. Wedderburn, 3 Kay & Johns. 393; Gervais v. Edwards, 2 Drury & Warren, 80.

BAILEY, P. J. It is manifest that the bill in this case, in its entire scope and purpose, is a bill to compel the specific performance by the defendant of certain contracts between him and the complainant. By those contracts the defendant undertook to produce and construct, by his labor, skill and inventive genius, certain improved machinery for manufacturing speaking tubes. Said machines, as the bill alleges, were to embrace and embody various new and useful improvements and inventions made and to be made by the defendant. No details or specifications are given in the contracts as to the form, material, structure, principle or mode of operation of the proposed machines, all of these matters being left wholly to the judgment and discretion of the defendant. Indeed, it is difficult to see how it would have been possible to give any specifications and details of the machines, as some, and perhaps many of them, had as yet no existence in the minds of the contracting parties, but were to be invented and developed by the defendant by means of subsequent thought, study and experiment.

There are at least two insuperable reasons why these contracts can not be specifically enforced in equity. The first is;

Wollensak v. Briggs.

that courts of chancery will not entertain bills to compel the specific performance of contracts for personal services. Especially is this true where the services stipulated for require the exercise of mechanical skill, intellectual ability and the exercise of judgment. Although some cases may be found in the earlier reports holding a contrary doctrine, the rule as we have stated it, is now well settled. Among the various applications of the rule to be found in the reports, the following may be noticed. In Baldwin v. The Society for the Diffusion of Useful Knowledge, 9 Simons, 393, by agreement between the plaintiffs and defendant, the former, in consideration of certain payments to be made to them by the latter, were to have the exclusive right of engraving and publishing a series of maps and drawings to be furnished to them, from time to time, by the latter. The court refused to restrain the defendant from acting in violation of the agreement, as it could not compel the defendant to furnish the drawings, and therefore, could not decree a specific performance of the agreement. In Clark v. Price, 2 J. Wils. Ch. 157, the court refused to decree the specific performance of a contract, by which the defendant agreed to compose and write reports of cases argued and determined in the Court of Exchequer, to be published by the plaintiff. In pronouncing the decision the Lord Chancellor said: "The only means of enforcing the execution of this agreement, would be to make an order compelling Mr. Price to write reports for the plaintiff, which I have not the means of doing. If there be any remedy in this case, it is at law." The same rule is applied to an agreement by a person to act at a theater. Kemble v. Kean, 6 Simons, 333; Lumley v. Wagner, 1 DeGex, Mc. & G. 604; Hamblin v. Dinneford, 2 Edwards' Ch. 529. In the case last cited the court says: "The difficulty is, how to compel specific performance. The court can not oblige the defendant to go to the theater and there perform particular characters. Imprisonment for contempt would be the consequence of his refusal, and this would defeat the performance sought to be enforced." See also, Ford v. Germon, 6 Phila. 6.

In Stocker v. Wedderburn, 3 Kay & John. 393, the plaintiff, being the owner of certain letters patent, entered into a written agreement with other persons to form a joint stock company, for the purpose of working the patents, he agreeing on his part to sell the patents to the company on certain terms, and take all requisite measures for obtaining patents in foreign countries, and to give his whole services to the company for two years, and to do his best to improve the invention, and to impart such improvements to the company, and it was held that the plaintiff could not obtain specific performance of this agreement against his co-promoters, because, from the nature of his own part of the agreement, the court could not compel specific performance of it by him. See also Webb v. England, 29 Beavan, 44, where the rule above stated is held to apply to a contract to work as an apprentice, or to instruct as a master; and Booth v. Pollard, 4 Y. & C. 61, where it is applied to a contract to work quarries or coal mines.

Another rule applicable to the specific performance of contracts to which courts of equity have uniformly adhered is, that a bill for that purpose will not be maintained unless the contract sought to be enforced is certain and definite in its terms and in all its parts. Shenandoah Valley R. R. Co. v. Lewis, 76 Va. 833; Schmeling v. Kriesel, 45 Wis. 325; Nichols v. Williams, 22 N. J. Eq. 63; Colson v. Thompson, 2 Wheat. 336; Los Angeles, etc., Association v. Phillips, 56 Cal. 539; Bowman v. Cunningham, 78 Ill. 48; 1 Story's Eq. Juris. § 767; Fry on Specific Performance, § 317 et seq., and authorities cited.

The foregoing rule, especially in its application to a case like the present, is so well stated and discussed in Blanchard v. D. L. & L. M. R. R. Co., 31 Mich. 43, that we feel justified in quoting at length the following language from the opinion of the court: "The jurisdiction of equity in specific performance proceeds on the supposition that the parties have not only agreed, as between themselves, upon every material matter, but that the matters so agreed on are of such a nature, and the subjects of enforcement so delineated or indicated,

Wollensak v. Briggs.

either directly or by reference to something else, or so raised to view by legitimate implication, that the court can and may collect, and in their proper relations, all the essential elements, and proceed intelligently and practically in carrying into execution the very things agreed on and standing to be performed. If, however, it appears, either that the things to be performed are in their nature incapable of execution by the court, or that needful specifications are omitted, or that material matters are left by the parties so obscure or undefined, or so in want of details, or that the subjects of the agreement are so conflicting or incongruous, that the court can not say whether or not the minds of the parties met upon all essential particulars, or if they did, they can not say exactly upon what substantial terms they agreed, or trace out any practical line where their minds met, the case is not one for specific performance. As the court does not make contracts for parties, so it never undertakes to supply material ingredients which they omit to mention, and which can not be legitimately considered as having been within their mutual contemplation. And where the party to perform is left by the agreement with an absolute discretion respecting material and substantial details, and these are therefore indeterminate and unincorporated until by his election they are developed. identified and fixed as constituents of the transaction, the court can not substitute its own discretion, and so by its own act perfect and round out the contract."

If a court of equity should attempt to order a specific execution of the contract in this case, it is manifest that insurmountable obstacles would immediately present themselves. It would be impossible for the court to specify or describe in its decree the machines to be constructed, their form, material or structure, or if it attempted to lay its mandate upon the defendant to proceed with the invention and construction of the machine stipulated for, it could never know with certainty whether its order was obeyed. If it should attempt to take the execution of the contract into its own hands, it would be met with equal difficulties. Its officer charged with the performance of its decree would be powerless. The court would

thus find itself unable either to compel the defendant to execute the contract, or to cause it to be executed through any of the agencies by means of which courts of chancery ordinarily enforce their decrees.

It is urged, however, by the counsel for the complainant, that a portion of the relief sought, viz., that the defendant be required to show and exhibit to the complainant the plans and drawings of said machines heretofore prepared by him, and make disclosure and discovery to him of the principle and structure of the machines already built, is not in the nature of decreeing a specific performance of the contracts, and therefore does not come within the principles above discussed. In this we think counsel are mistaken. This particular measure of relief, with which it is now suggested that they may be content, seems to us clearly to be nothing less than a partial execution of the contracts. The defendant's undertaking was not merely to construct and deliver to the complainant certain machines, but to embody in such machines various improvements and inventions already made and yet to be made by him. Obviously the principal thing sought by the complainant and secured to him by the contracts was the defendant's improvements and inventions. The mere construction of the two machines after their invention had been achieved, was quite secondary and relatively of little importance. These improvements and inventions were to be assigned and transferred to the complainant, and such transfer and assignment involved, as a necessary and principal element, a complete disclosure and discovery to him of the principle and structure of the machines, so as to enable him to avail himself of said inventions and discoveries. Compelling the defendant to make the disclosure and discovery asked for, and to place in the complainant's hands the plans and drawings of the machines, would be giving him all the substantial and really valuable benefits of the contracts, and would be for all substantial and valuable purposes a specific execution of the contracts.

We do not perceive that the case is at all changed by the fact averred in the bill that the complainant, on being shown

the plans and drawings prepared by the defendant, approved and was satisfied with the machines which they purported to represent, and so informed the defendant. While, by the terms of the contracts, the complainant was not bound to pay the defendant the stipulated price until he approved, accepted and was satisfied with the machines, the question after all is, whether the machines built or partially built by the defendant, and of which he prepared plans and drawings, were really and in fact the machines contemplated by the contracts; for, if they were not, the plaintiff's approval imposed upon the defendant no obligation to deliver them to. him. So far as the bill shows, those machines, when completed, may have proved failures equally with the first one built, which did not seem to work. Unless they were capable of operating in the manner and of producing the results stipulated for, they can not be held to be the machines contemplated by the contracts, and the complainant had no right to claim them.

If, therefore, the court had undertaken to compel the defendant to make discovery of the principle and structure of the machines built, it would still have been uncertain whether the improvements and inventions thus disclosed were the ones contemplated by the contract. Under such circumstances a specific performance will never be awarded.

We are of the opinion that the demurrer to the bill was properly sustained, and the decree will therefore be affirmed.

Decree affirmed.