## Charles R. Truitt v. Homer J. Clark.

1. SPECIFIC PERFORMANCE—*When it Will Not be Decreed.*—Courts of equity will not decree the specific performance of contracts calling for personal services requiring the exercise of mechanical skill, intellectual ability and the exercise of judgment.

2. SAME—*Of a Contract to Form a Partnership.*—Specific performance of a contract to form a partnership will not, as a general rule, be enforced, but the partners will be left to their remedy at law for damages.

3. PARTNERSHIP—*Remedy for a Breach of an Agreement to Form.*— A mere agreement to form a partnership does not of itself create a partnership, and, for the breach of such an agreement, the remedy is in a court of law in an action for a breach of the contract.

**Bill for Specific Performance.**—Trial in the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Decree for complainant; appeal by defendant. Heard in this court at the December term, 1898. Reversed and remanded. Opinion filed April 11, 1899.

J. A. BROWN, H. H. McDOWELL and A. C. NORTON, attorneys for appellant.

As a general rule, the courts will not enforce the specific performance of a contract to form a partnership.

Where the contract requires a party to give his time, skill, attention or services of any kind, an enforcement of it upon an unwilling party would require the court to manage the partnership, which alone is reason for refusing to grant relief. The Rutland Marble Co. v. Ripley, 10 Wall. (U. S.) 339; Beach, Modern Law of Contracts, Sec. 1765; Ikerd v. Beavers, 106 Ind. 483, 7 N. E. Rep. 326; Pom. Eq. Jurisprudence, Sec. 1405, No. 1; The Grape Creek Coal Co. v. Spellman, 39 Ill. App. 630; Harley v. Sanitary District of Chicago, 54 Ill. App. 337; Louisville, etc., R. Co. v. Bodenschatz Bedford Stone Co. (Ind.), 39 N. E. Rep. 703; Suburban Construction Co. v. Naugle, 70 Ill. App. 384; Wollensak v. Briggs, 20 Ill. App. 50, 119 Ill. 453; Lawrence v. Gilroy, 50 Ill. App. 310; Welty v. Jacobs, 64 Ill. App. 285; Kennicott v. Leavitt, 37 Ill. App. 435.

Specific performance will not be granted at the request of a party when it can not be enforced against him. A contract to be specifically enforced by the court must be mutual; that is to say, such that it may be enforced by either of the parties against the other; and it is immaterial what constitutes the want of mutuality, whether resulting from personal incapacity, from the nature of the contract, or from any other cause; whenever it is ascertained that the contract is incapable of being enforced against one or the other contractors, he will be equally incapable of enforcing it against the other party. Construction Co. v. Naugle, 70

Ill. App. 385; Ross v. U. P. R. R. Co.,Woolworth, 26; Cooper v. Pena, 21 Cal. 403, 410; Marble Co. v. Ripley, 10 Wall. (U. S.) 339; Lancaster v. Roberts, 144 Ill. 213; Mastin v. Halley, 61 Mo. 196; Blackett v. Bates, L. R., 1 Ch. App. Cas. 117.

As a general rule, the courts will not enforce specific performance of a contract to form a partnership, and never a contract for the formation of a partnership where there is no time specified in the contract for the duration of the partnership. Bates on Partnership, Sec. 1011; Fry on Specific Performance, Sec. 1512; Lawson on Rights, Remedies and Practice, Vol. 5, Sec. 2609, note 4.

A. C. BALL, attorney for appellee, contended that specific performance lies to enforce a contract for the sale of chattel interests where the property is shown to be of special value to the promisee, or to be obtained only of the vendor. Hull v. Pitrat, 45 Fed. Rep. 94; Hapgood v. Rosenstock, 23 Fed. Rep. 86; Adams v. Messinger, 147 Mass. 185; Reese's Appeal, 122 Pa. St. 392; Equitable Gas Light Co. v. Baltimore Coal Tar & Mfg. Co., 63 Md. 285–299; Paine v. Hutchinson, 3 L. R., Ch. Ap. Cas. 388; Choate v. Kenward, 3 DeG. & J. 27; Austin v. Gillaspie, 1 Jones' Eq. (N. C.) 261; Palmer v. Graham, 1 Parsons' Sel. Cas. (Pa.) 476–9; Dyer's Receipt, 1 Simons & Stuart, 74; Goodwin Gas Stove Co., etc., Appeal, 117 Pa. St. 514; Treasurer v. Commercial Coal Min. Co., 23 Cal. 390; Johnson v. Brooks, 93 N. Y. 337; Ashe v. Johnson, 2 Jones' Eq. (N. C.) 149; Duncuft v. Albrecht, 12 Sim. 189; 2 Story Eq., Secs. 718, 725; Cohn v. Mitchell, 115 Ill. 124.

Though the contract is primarily unilateral as soon as a party agrees to enter into partnership or to execute articles of partnership, although after they are executed the court can not compel the parties to act under them. Satterthwait v. Marshall, 4 Del. Ch. 337–8; Wilson v. Campbell, 10 Ill. 383,402; Anonymous, 2 Vesey Sen. 629; Buxton v. Lister, 3 Atk. 383–5; Bates' Law of Part., Sec. 1013.

The court will decree specific performance of a contract

to enter into a partnership, even though it should be immediately dissolved, where it is necessary to invest the complainant with the legal rights or property for which he contracted. Gow on Partnership, 110, 111; Birchett v. Bolling, 5 Munf. 442; Story on Partnership, Sec. 189 and notes. p. 286; Whitworth v. Harris, 40 Miss. 483; 17 Am. & Eng. Cyc., 903 (6), notes 1 and 2 and cases cited.

Mr. Justice Higbee delivered the opinion of the court.

At the April term, 1898, of the Circuit Court of Livingston County, appellee filed his bill in equity against appellant, stating among other things, that he, appellee, was, prior to the 8th day of July, 1897, the owner and manager of a certain newspaper plant, known as the "Pontiac Sentinel." That on said last mentioned date he entered into an agreement for the sale of said plant to appellant. The agreement, which is in writing and is set out in full in the bill, after describing the property sold, consideration to be paid, and various undertakings by the respective parties thereto, concludes with the following provision:

"It is further agreed and understood by and between the parties to this contract as a part of the consideration of the sale of the Pontiac Sentinel plant to the said Charles R. Truitt, that the said Charles R. Truitt hereby gives unto the said Homer J. Clark an option for the purchase of a half interest in the Pontiac Sentinel business and plant, good will, subscription list, material and machinery this day conveyed by Clark to Truitt, by bill of sale, the purchase price of said half interest to be three thousand one hundred and twenty-six dollars ($3,126), terms to be eighteen hundred and seventy-four dollars ($1,874) cash and the balance by the surrender to Truitt of the notes this day given to Clark by Truitt in purchase, for the sum of twelve hundred and fifty-one dollars ($1,251); providing, however, that the accrued interest on said notes shall be first applied upon the cash payment above stipulated. Said option to hold good and open for acceptation or rejection by the said Clark for and during the period ending July 8, 1898, next."

The bill further alleged that appellee had in all things conformed on his part to the letter and spirit of said contract but that appellant had failed to do so; that on the

14th day of February, 1898, appellee desiring to avail himself of the option to purchase a one-half interest in said Sentinel plant, as provided in the contract, tendered the consideration therein provided for, but that appellant declined to receive the same or to transfer said one-half interest to appellee. The bill concludes with the prayer that appellant be decreed to accept the consideration tendered him as provided by the terms of the contract, and transfer to appellee said one-half interest in said Sentinel plant, or failing so to do, he be decreed to transfer the whole of said Sentinel plant back to appellee upon the surrender of the consideration received by appellee therefor. An injunction was also asked for to restrain appellant from disposing of or incumbering the property described in the bill. An amendment to the bill was afterward filed setting up more fully the manner in which appellee had complied with the provisions of the said contract. The bill as amended was demurred to by appellant for want of equity, and the demurrer was overruled by the court. Appellant elected to stand by his demurrer, and thereupon the court entered a decree directing that appellant, within five days after the payment or tender to him by appellee of the consideration provided for by the contract, transfer to the latter one-half interest in the Pontiac Sentinel business plant, consisting of good will, subscription list, material and machinery; that appellant admit appellee to an equal partnership in the conduct of the business and profits of said Pontiac Sentinel newspaper and job printing plant, and that upon the failure of appellant to comply with said requirements of the decree, he be held in contempt of court.

It was further decreed that the injunction which had been theretofore issued, be continued pending the carrying into effect of the requirements of the decree.

The main purpose of the bill was to enforce the specific performance by appellant of that part of the contract which related to the admission of appellee to the one-half interest in the plant and business. It sufficiently appears

from the face of the bill this is not a proper case for the intervention of a court of chancery. Should appellee be admitted to a partnership as provided by the decree, the business of operating the plant and conducting the newspaper would require his personal skill in the supervision of the mechanical department, and the continued use of his intellectual ability and exercise of his judgment.

It is now the settled rule that courts of equity will not decree the specific performance of contracts calling for such services. In the case of Wollensak v. Briggs, 20 Ill. App. 50, it is said: "Courts of chancery will not entertain bills to compel specific performance of contracts for personal services. Especially is this true where the services stipulated for, require the exercise of mechanical skill, intellectual ability and the exercise of judgment. Although some cases may be found in the early reports holding a contrary doctrine, the rule as we have stated it, is now well settled." On appeal, the opinion of the Appellate Court was referred to with approval by the Supreme Court, and the judgment affirmed. Id., 119 Ill. 453.

This rule applies with peculiar force to a partnership. "Specific performance of a contract to form a partnership, as a general rule, will not be enforced, but the partners will be left to their action at law for damages." Bates on Partnership, Section 1009; 2 Lindley on Partnership, p. 991.

It is true that in the case of Wilson v. Campbell, 10 Ill. 383, the writer of the opinion makes the statement that "While the agreement to form a partnership remains executory, if one of them refuses to carry it into effect, the only remedy of the other is by an action at law for the violation of the agreement, or by a bill in equity to enforce specifically its performance." The language of the opinion, however, must be considered in connection with the case before the court. That was a suit brought to determine whether or not a partnership really existed between the parties by virtue of an agreement in writing they had entered into, and if so, to enforce an accounting. It differed very materially from this suit where the question is not

,whether the contract constituted a partnership, but whether, by virtue of the terms thereof, the appellee can, upon complying with certain conditions, force appellant to admit him into a partnership.

The Supreme Court held there was no partnership in the case above referred to, and in the course of the opinion, after the above citation, the following language is used: " The evidence fails wholly to make out a case of partnership, and if Campbell has a cause of action against Wilson, it is for a violation of the agreement to form a partnership *to be enforced by a suit at law.*"

In the case of Doyle v. Bailey, 75 Ill. 418, which was a bill in equity for an accounting, the opinion quotes, approvingly, Wilson v. Campbell, *supra*, to the effect that a mere agreement to form a partnership does not of itself create a partnership; but referring to the breach of such an agreement, it is there further said: " The remedy is in a court of law in an action for a breach of contract." It was therefore held that the bill was properly dismissed.

The agreement in this case fails to state how the partnership, when formed, shall be conducted, or the time of its duration. Even if the court could, in any instance, decree the performance of an agreement to form a partnership, it would, under the circumstances of this case, be nugatory, because it could be immediately dissolved and equity will not require a useless thing to be done :

" The court will not enter upon so vain an undertaking as to compel a party to go into partnership where the agreement is silent as to its duration, and where, therefore, it may be dissolved at the will of either as soon as formed." Buck v. Smith, 29 Mich. 165; 2 Lindley on Partnership, p. 991.

In Bates on Partnership, Section 1012, it is said : " The modern decisions refuse specifically to enforce contracts of partnership which are wholly inchoate, even if the contract provides for a fixed term." It is contended, however, that where it is necessary to invest one with the legal rights or property for which he has contracted, the court will decree a partnership even though the partnership may be instantly

subject to dissolution. While there is some authority tending to sustain this position, it does not appear to be in accord with the principles enunciated by modern decisions and text writers, but even if it were correct, we do not think the rule could be properly invoked in this case. It is not necessary for appellee to be admitted to the partnership, in order to enforce his rights growing out of the contract against appellant.

Appellee has his remedy by action at law for breach of the contract against appellant, and therefore a bill in equity will not lie.

The decree will be reversed and cause remanded with directions to the court below to sustain the demurrer, dissolve the injunction and dismiss the bill. Reversed and remanded.