## Newell Barnard v. Theodore J. Campau and another.

*Registry: Mistake: Constructive notice: Bona fide purchaser.* The recording laws cannot be made by equitable construction to embrace cases not within them, or to give constructive notice of things the records do not show; and where a mistake is made in recording, a subsequent purchaser has a right, in the absence of actual notice of the mistake, to rely on the records as showing the exact facts.

*Levy: Notice: Mistake: Oral statement: Registry: Bona fide purchaser.* Where the recorded notice of a levy, by mistake omits a portion of the premises levied upon, an oral statement simply, by the execution creditor, that such premises have been levied upon, without any suggestion that a mistake had been made in such notice, will operate only to make it the duty of the person so notified to search the records before purchasing, and if they show a notice of a levy on other lands, but not on those in question, he may rely upon the record as correct rather than such oral statement.

*Levy: Mistake: Notice.* What would be the effect of actual notice that a mistake had been made in the recorded notice, or of an actual exhibition of the execution with a levy upon the land in question endorsed thereon, is not decided.

*Heard January 15.  Decided April 8.*

Error to Saginaw Circuit.

*Gaylord & Hanchett* and *Ashley Pond*, for plaintiff in error.

*William H. Sweet, C. I. Walker* and *G. V. N. Lothrop*, for defendants in error.

COOLEY, J.

When this case was in this court before, it was decided that the execution sale under which the plaintiff claims was ineffectual as against the defendants, for the reason that no notice of the levy on the land in dispute had been filed, and consequently the title of Theodore J. Campau, though acquired after the levy, was affected by neither the levy nor the sale.    On a second trial an attempt has been made to avoid the force of that decision by showing that Campau was orally notified of the levy before his title accrued; and the rejection of evidence to establish that fact is the error now complained of.

The facts are that after the sheriff made his levy on these and other lands, he undertook to file the proper notice with the register of deeds, but by mistake failed to describe these lands.    The mistake does not seem to have been brought to the attention of the plaintiff in the execution, but it was claimed in this case that, in a conversation with Theodore J. Campau before his title accrued, the former told the latter that this land had been levied upon, and a sale of it made.    This, it was insisted, if established, answered fully the purpose of the statute requiring the notice of levy to be filed, inasmuch as such filing was only designed to give constructive notice, and consequently Campau, having taken his title in disregard of this actual notice, could not claim the rights of a *bona fide* purchaser·

In general it will not be disputed that one who seeks a benefit from the recording laws must incur all risks of the failure to put his papers duly upon record, whether the fault shall be his own or that of an officer.    An equitable

construction cannot be put upon such laws by which they may be made to embrace cases not within them, or by means of which they may be made to give constructive notice of things the records do not show. And it has therefore been generally held that if a mistake has been made in recording, by means of which a mortgage appears to be for a less sum than it was in fact given for, or a deed to cover less than was embraced by it, a subsequent purchaser has a right to rely on the record as showing the exact facts.—*Frost v. Beekman, 1 Johns. Ch., 288; Heister's Lessee v. Fortner, 2 Binn., 40; Sawyer v. Adams, 8 Vt., 172; Sanger v. Craigue, 10 Vt., 555; Jenning's Lessee v. Wood, 20 Ohio, 261; Chamberlain v. Bell, 7 Cal., 292; Baldwin v. Marshall, 2 Humph., 116; Shepherd v. Burkhalter, 13 Geo., 444; Miller v. Bradford, 12 Iowa, 14; N. Y. Life Ins. Co. v. White, 17 N. Y., 469; Barrows v. Baughman, 9 Mich., 213.* But if a deed which has been incorrectly recorded should be shown to a party contemplating a purchase of the land conveyed by it, or if in this case the sheriff had exhibited to Campau his execution, and called his attention to the levy upon this land thereon endorsed, we should have regarded the case as involving other considerations than any now presented, and this opinion will not therefore be intended as the expression of any views the court may possibly entertain as to the effect of a notice of that positive and unequivocal nature.

In this case a notice was filed by the sheriff of a levy by virtue of a particular execution; but the notice was of a levy upon other lands. The plaintiff, it is claimed, informed Campau that a levy and sale had been made of this land. There was consequently a record notice of what the levy was, and there was an oral notice. In the oral notice Campau was not told that any mistake had been made by the sheriff, nor is it claimed that he had any reason to suspect such mistake, except as he might infer it from the conflict between the oral and the record evidence. And the question is whether, under such cir-

cumstances, he was bound to govern his actions by the oral notice, rather than by the record notice which the statute had provided for.

It seems to us that this question is not difficult of solution. Such an oral notice at most can only make it the duty of the party notified to seek the proper sources of information, and if he finds nothing there to satisfy him of its truth, he is justified in disregarding it. The notice puts him upon inquiry, but he is not bound at his peril to assume that it asserts the facts. If he is reasonably diligent in obtaining information from the sources likely to be informed, and obtains none, he deprives the notice of all force.—See *Converse v. Blumrich, 14 Mich., 109.* A rule that should go farther than this would give to any casual mention on the street the full force of a record, and require the same attention to be paid to it. This would not only be unjust, but it would to a large extent defeat the purpose of all recording laws; these being designed to give information in the most accurate, reliable and permanent form.

The casual notice in this case was of a fact presumptively shown by the record, because the statute requires it to be so shown. The notice, therefore, directed the party to the record as the proper source of accurate information. Had no notice of a levy appeared there, a question might arise whether Campau was not required to go farther and seek information from the sheriff; but when he finds that the sheriff has filed his notice, we think he has a right to rely upon that as stating the facts as they are. He has then sought the proper source of information, and learned there that the oral notice was unfounded.

We do not know whether in this case Campau went to the record or not; but it is not material. Subsequent purchasers are charged with constructive notice of what appears of record, and their rights are the same whether they have actually seen the record or not. And it follows

that in Campau's hands the title is not affected by the levy and sale.

The judgment must be affirmed, with costs.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.