### In re Fahkri JABER and Majdah Sulieman, Debtors.

### No. 09–10097.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

May 22, 2009.

758

*MEMORANDUM OF OPINION*

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

The debtors Fakhri Jaber and Majdah Sulieman [1] seek to avoid the judicial lien of State Farm Mutual Insurance Company and Tina Rose which encumbers the debtors' residence. The creditors oppose the motion. For the reasons stated below, the debtors' motion is denied.

### I. *JURISDICTION*

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O).

### II. *FACTS AND PROCEDURAL BACKGROUND*

The debtors filed an amended motion to avoid the judicial lien of State Farm Mutual Insurance Company.[2] State Farm and Tina Rose (collectively, creditors), through attorney Robert Olender, responded to

---

1. To avoid confusion, the debtors will be referred to by their last names.

2. Docket 1, 8, 16.

that motion.[3] The parties submitted the dispute on these stipulated facts:

1. This case was commenced by the filing on January 8, 2009 of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, Case No. 09–10097.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. Fakhri Jaber acquired title to the property at 1485 Robinwood Drive, Lakewood, Ohio by general warranty deed filed for record on December 15, 1998 and recorded as Instrument No. 199812151541. Said property is described as follows:

SITUATED IN THE CITY OF LAKEWOOD, COUNTY OF CUYAHOGA, STATE OF OHIO

ALSO BEING KNOWN AS SUBLOT 20, IN WALTON BROTHERS LAKEWOOD HEIGHTS ALLOTMENT, OF PART OF ORIGINAL ROCKPORT TOWNSHIP SECTION22, AS SHOWN BY THE RECORDER'S PLAT VOLUME 25 OF MAPS, PAGE 14 OF CUYAHOGA COUNTY RECORDS, AND BEING 40 FEET FRONT ON THE EASTERLY SIDE OF ROBINWOOD AVE., AND EXTENDING BACK OF EQUAL WIDTH 150 FEET AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS

4. State Farm Mutual Automobile Insurance Company and Tina Rose obtained a judgment against Fakhri Jaber in the Cuyahoga County Common Pleas Court on June 9, 2003 in the amount of $24,865.25 plus interest at 10% per annum and costs.

5. A judgment was filed by State Farm and Tina Rose against Jaber's interest in the subject property on October 9, 2003 and recorded as JL03–208550.

6. State Farm and Rose re-filed its judgment lien against Jaber on July 15, 2008 and said lien is identified as JL08–337189.

7. On March 28, 2006, Defendant Jaber transferred by quit-claim deed to Debtor Sulieman, the subject property and said quit-claim deed is recorded as Instrument No. 200603280549 in the Cuyahoga County Recorder's Office.

8. No payments have been made by Fakhri Jaber to State Farm Mutual Automobile Insurance Company and Rose on the judgment that it holds against Jaber and as of January 8, 2009, the date upon which debtors' Chapter Thirteen bankruptcy was filed, there is due and owing on said judgment, including interest and court costs, the sum of $38,435.61.

9. The value of the real estate at 1485 Robinwood Drive, Lakewood, Ohio 44107 on the date of debtors' bankruptcy filing is $85,000.00 and the first mortgage balance of Geauga Savings Bank as of the bankruptcy filing date is $77,293.00.

10. The subject real estate upon which Creditor's lien attaches is used by the Debtors as their primary residence since December 15, 1998, the date upon which Debtor Jaber took title to the property.

11. Debtors Jaber and Sulieman are husband and wife and have remained continuously married since Debtor Jaber acquired title to the property on December 15, 1998.

12. On May 2, 2008, State Farm Mutual Automobile Insurance Company and Tina Rose filed a foreclosure ac-

3. Docket 32.

tion against the subject real estate in the Cuyahoga County Common Pleas Court under Case No. CV 08 658516.

13.  Debtor Jaber's date of birth is July 22, 1961.

### III.  POSITIONS OF THE PARTIES [4]

The debtors contend that the creditors' judgment lien can be avoided under 11 U.S.C. § 522(f) because it impairs Sulieman's $20,200.00 homestead exemption claimed under Ohio Revised Code § 2329.66(A)(1)(b).[5]  Because the property is worth $85,000.00 and is encumbered by a first mortgage to Geauga Savings Bank (the bank) in the amount of $77,293.00, the debtors argue that the creditors' lien impairs Sulieman's exemption.  As a result, the debtors state that there is no equity to which the creditors' lien can attach, which means that the lien can be avoided in its entirety.

The creditors counter that the motion should be denied because (1) the judgment lien is held by both State Farm and Tina Rose, but Tina Rose was not named in the motion; (2) Sulieman cannot avoid the creditors' lien because the judgment on which the lien is based was obtained against Jaber, and Sulieman took the property from Jaber subject to the lien; and (3) the extent of Jaber's interest in the property is limited to his dower interest, which cannot exceed $5,000.00, the amount of the homestead exemption available to a debtor at the time the creditors filed their state court lawsuit.

---

**4.**  The plan was confirmed over the creditors' objection, and no appeal was taken from that order.  Docket 63.  Given that status, the court asked the parties to clarify whether this issue is still disputed.  Docket 66.  The parties filed a joint report stating that they ask the court to rule on the motion because they have agreed that the debtors, if necessary, will move to modify their plan to conform to the decision.  Docket 68.

### IV.  DISCUSSION

### A.  Personal Jurisdiction and Due Process

For a court to obtain personal jurisdiction over a litigant, a movant must comply with the applicable rules for service of process and must satisfy due process concerns.  *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 323 (6th Cir. 1999).  Due process requires notice to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id.* (citations omitted).  Under the bankruptcy rules, a proceeding by a debtor to avoid a lien under § 522(f) is to be made by motion under rule 9014.  FED. R. BANKR.P. 4003(d).  Rule 9014, in turn, states that the lien holder must be given reasonable notice and opportunity for a hearing.  FED. R. BANKR.P. 9014(a).  That notice is to be provided by serving the motion in the manner set forth in rule 7004.  FED. R. BANKR.P. 9014(b).

The undisputed facts show that the debtors did not name Ms. Rose in the motion and did not serve her with the motion.  Nevertheless, through attorney Olender, Ms. Rose filed a notice of appearance in the case, responded to the motion, and objected to confirmation of the debtors' plan.[6]  The situation, therefore, is that service was defective, but Ms. Rose had actual knowledge of the motion and acted on that knowledge to protect her interests.

---

**5.**  Sulieman claims an exemption in the property, but Jaber does not.  *See* Sch. C. The court will, therefore, address the impairment issue only as it relates to Sulieman.

**6.**  *See* docket 18, 32, 59.

■ A party with actual knowledge of an action may waive any defects in service. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939) (stating venue is a privilege that can be lost by "failure to assert it seasonably, by formal submission in a cause, or by submission through conduct."). Several courts have extended the waiver doctrine set forth in *Neirbo* to personal jurisdiction. *See, e.g. Chambers v. Mukasey*, 520 F.3d 445, 449–50 (5th Cir. 2008) (waiver of defective service by appearing before a court and permitting it to adjudicate the party's rights); *see also Blachy v. Butcher*, 221 F.3d 896, 911 (6th Cir.2000), *cert. denied*, 532 U.S. 994, 121 S.Ct. 1653, 149 L.Ed.2d 636 (2001), (citing *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir. 1991)) (waiver by responding to motions); *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 25 (1st Cir. 1992) (waiver by participation in hearings, seeking affirmative relief, or failing to act); *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2nd Cir.1990), *cert. denied, Teledyne, Inc. v. Datskow*, 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990) (waiver by participation in motion practice); *U.S. v. Eastern Metal Prods. and Fabricators, Inc.*, 112 F.R.D. 685, 687 (M.D.N.C.1986) (collecting cases).

Here, Ms. Rose, through attorney Olender, has appeared in the bankruptcy case, participated in hearings and motion practice, and seeks a declaration that her judgment lien cannot be avoided by the debtors. As a result, the court finds that Tina Rose has waived the service defects and has submitted her person to this court's jurisdiction. Accordingly, the court turns to the merits of the motion.

**7.** Claim number 3–1 on the claims register.

## B. *The Debtors' Interests in the Property*

■ A debtor's rights in property are determined by state law, in this case, Ohio's. *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, —— U.S. ——, ——, 128 S.Ct. 2326, 2339, 171 L.Ed.2d 203 (2008) (citing *Travelers Casualty and Sur. Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007)). Under Ohio law, a mortgagor in possession of real property is the owner of the legal and equitable interests in the property. *In re Rosario*, 402 B.R. 223, 229 (Bankr.N.D.Ohio 2009) (citations omitted). In addition, "whenever a married person buys real estate in Ohio, the married person's spouse automatically receives a dower interest." *Standard Fed. Bank v. Staff*, 168 Ohio App.3d 14, 20, 857 N.E.2d 1245, 1249–50 (Ohio Ct.App.2006); *see also* OHIO REV.CODE § 2103.02. A debtor's interest in his or her residence is property of the bankruptcy estate. 11 U.S.C § 541(a)(1). *See Menninger v. Mortgage Elec. Registration Sys., Inc. (In re Bowling)*, 314 B.R. 127, 131 (Bankr.S.D.Ohio 2004).

■ In this case, Jaber purchased the property in 1998 by borrowing money from the bank, which loan was evidenced by a note and secured by a mortgage.[7] As a result of that purchase, Sulieman obtained an inchoate dower right in the property under Ohio Revised Code § 2103.02. She subordinated her dower right to the bank's lien, however, when she also signed the mortgage. *See Stand Energy Corp. v. Epler*, 163 Ohio App.3d 354, 358, 837 N.E.2d 1229, 1232 (2005) (non-title holding spouse subordinates dower right by signing mortgage). Therefore, at that time, Jaber had a fee simple interest in the property and Sulieman had a dower right

in the property, both of which were subordinated to the bank's mortgage lien. Those interests existed on October 9, 2003, when the creditors converted their certificate of judgment into a lien on the property under Ohio Revised Code § 2329.02.[8]

In 2006, Jaber transferred his fee simple interest in the property to Sulieman. Sulieman held this same interest on the petition date.

## C. *The Applicable Exemption Statute*

██ A debtor is permitted to exempt certain property interests from the bankruptcy estate. 11 U.S.C. § 522. "An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). Bankruptcy code § 522(d) lists federal exemptions, but Ohio has elected to opt-out of them. OHIO REV. CODE § 2329.662. As a result, Ohio residents who wish to exempt property must do so under Ohio Revised Code § 2329.66. *See* 11 U.S.C. § 522(b)(3)(A).

██ On June 1, 2008, the Ohio legislature passed Senate Bill 281, amending the amount of property a debtor may hold as exempt under Ohio Revised Code § 2329.66. Effective on September 30, 2008, the bill increased the amount of a debtor's homestead exemption from $5,000.00 to $20,200.00. Section 522(b)(3)(A) provides that a debtor may either exempt property under "Federal law ... or State or local law that is applicable on the date of the filing of the petition...." 11 U.S.C. § 522(b)(3)(A); *see*

*also Myers v. Matley,* 318 U.S. 622, 628, 63 S.Ct. 780, 87 L.Ed. 1043 (1943) *citing White v. Stump,* 266 U.S. 310, 313, 45 S.Ct. 103, 69 L.Ed. 301 (1924). Because the law became effective in September 2008, and the debtors filed their petition on January 8, 2009, the current version of Ohio Revised Code § 2329.66 applies to these debtors.[9] Under Ohio Revised Code § 2329.66(D)(1), the property interests in which a debtor may claim an exemption are also determined as of the petition date. On the petition date, Sulieman owned the property and used it as a residence; therefore, under § 2329.66(A)(1)(b) and (D)(1), she is entitled to claim an exemption in it. Whether the creditors' lien impairs that exemption is another matter entirely.

## D. *11 U.S.C. § 522(f)*

██ A debtor may avoid the fixing of a judicial lien that impairs an exemption to which the debtor would have been entitled but for the lien. 11 U.S.C. § 522(f)(1)(A). The extent to which a lien impairs a debtor's exemption is calculated by the statutory formula in 11 U.S.C. § 522(f)(2)(A). In *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the Supreme Court of the United States held that section "522(f)(1) of the Bankruptcy Code requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest." Thus, if the creditors' lien attached to Jaber's fee simple interest before he transferred it to Sulieman, Sulie-

---

**8.** The creditors timely renewed their judgment lien.

**9.** The creditors' argument that the earlier version of the statute should apply cites *In re Colston,* 213 B.R. 704, 707 (Bankr.S.D.Ohio 1997) for the proposition that the Ohio exemptions only apply if there is a judicial sale

or involuntary execution. *Colston,* however, relies on *Ford Motor Credit Corp. v. Dixon (In re Dixon),* 885 F.2d 327, 330 (6th Cir.1989), which the Sixth Circuit overruled in *Holland v. Star Bank, N.A. (In re Holland),* 151 F.3d 547, 550 (6th Cir.1998), based on the 1994 amendments to the bankruptcy code.

man cannot avoid the lien.[10]

### E. *Judgment Liens under Ohio Law*

 Judgment liens in Ohio are governed by Ohio Revised Code § 2329.02, which provides, in relevant part:

> Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state *shall be a lien upon lands and tenements of each judgment debtor* within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment. . . .

(Emphasis added). Stated somewhat differently, "a judgment lien is specific and attaches at the time the certificate of judgment is filed within a county to all real estate owned by the judgment debtor within that county." *Verba v. Ohio Cas. Ins. Co.,* 851 F.2d 811, 814 (6th Cir.1988); *Feinstein v. Rogers,* 2 Ohio App.3d 96, 98, 440 N.E.2d 1207, 1210 (1981). The lien remains attached to the real property until it is satisfied or released. *Kremer v. Keating,* 72 N.E.2d 596, 600 (Ohio Com.Pl. 1947). A lien continues uninterrupted so long as it is timely renewed. *See* Ohio Rev.Code § 2329.07.

In October 2003, the creditors filed their certificate of judgment evidencing the judgment that they held against Jaber. This filing created a lien that attached to Jaber's real property, in this case, the residence. The lien was timely renewed and was not satisfied or released; thus, it remained attached to the property. Accordingly, when Jaber transferred the property to Sulieman in 2006, she took the property encumbered by the creditors' lien. Therefore, the creditors did nothing that "fixed" a lien on *Sulieman's* interest. Because no lien was fixed on Sulieman's fee simple interest, obtained after the fixing of the creditors' judgment lien, Sulieman cannot avoid the creditors' lien.

### V. CONCLUSION

For the reasons stated, the debtors' motion to avoid the lien of State Farm Mutual Insurance Company is denied. A separate order consistent with this opinion will be entered.

### *ORDER DENYING DEBTORS' AMENDED MOTION AVOIDING JUDICIAL LIENS UNDER 11 U.S.C. § 522(f)(1)*

For the reasons stated in the memorandum of opinion entered this same date, the debtors' amended motion to avoid the lien of State Farm Mutual Insurance Company is denied. (Docket 16).

IT IS SO ORDERED.

---

10. The court respectfully disagrees with the statement in *In re Mangold,* 244 B.R. 901, 905 (Bankr.S.D.Ohio 2000), cited by the creditors, that "a debtor must have an interest in the parcel of property at the time a judgment lien attaches in order to be eligible for the exemption." The attachment of a judgment lien does not define whether or not a debtor is eligible for an exemption; rather, eligibility is defined by a debtor's property interest.