**In re Vyacheslav DOUBOV and Larisa Doubov, Debtors.**

**David O. Simon, Trustee, Plaintiff,**

v.

**Citimortgage, Inc., Successor by Merger to ABN AMRO Mortgage Group, Inc., et al., Defendants.**

Bankruptcy No. 09–12594.
Adversary No. 09–1200.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Feb. 8, 2010.

Robert D. Barr, Dettelbach, Sicherman & Baumgart, Cleveland, OH, for Plaintiff.

Edward A. Bailey, Twinsburg, OH, Martin Galvin, Reminger Co., L.P.A., Gregory B. Rowinski, Cuyahoga Co. Prosecutor, Fred P. Lenhardt, Kathleen A. Nitschke, Cleveland, OH, for Defendants.

## *MEMORANDUM OF OPINION*

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

The chapter 7 trustee filed this adversary proceeding to determine rights in real property owned by the debtor Vyacheslav Doubov at the time that he and his wife, debtor Larisa Doubov, filed this chapter 7 case. The trustee named as defendants the debtors, Citimortgage, Inc., RBS Citizens N.A., and the Cuyahoga County Treasurer. In his amended complaint, the trustee seeks (1) to avoid the mortgage

given by Larisa Doubov with respect to her one-half interest in the property because the mortgage was not acknowledged by the notary as required by Ohio law; and to determine the validity and extent of the parties' interests in the property. Citimortgage takes the position that it holds a mortgage on the entire property.

The trustee filed a motion requesting summary judgment as to Citimortgage and the debtors. The trustee and Citimortgage have submitted the trustee's motion for decision on stipulated facts and briefs.[1] The debtors also consented to a decision on the motion based on the stipulations, but did not file a brief. For the reasons stated below, the trustee is entitled to a judgment avoiding the mortgage given by Ms. Doubov to Citimortgage and preserving the mortgage as to a one-half interest in the property for the chapter 7 estate, finding that Citimortgage has a mortgage on a one-half-interest in the property, and finding that Ms. Doubov is not entitled to a homestead exemption and that Mr. Doubov is entitled to a homestead exemption in the property. A previous order was entered finding that the Cuyahoga County treasurer has a first and best lien on the property. The trustee and RBS Citizens

N.A. also entered into an agreed order resolving all issues between them.

## I. JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F), (H),(K), and (O).

## II. FACTS

The trustee, Citimortgage, and the debtors Larisa[2] and Vyacheslav Doubov stipulated to these facts:[3]

On November 25, 2003, Mr. Doubov signed a promissory note payable to ABN AMRO Mortgage Group, Inc. reflecting money borrowed to purchase property located at 5138 Thornbury Road, Lyndhurst, Ohio (the property).[4] That same day, both Doubovs took title to the property through a joint and survivorship deed and both Dubovs signed a mortgage on the property in favor of ABN AMRO as security for the note.

The mortgage states that Ms. Doubov is a borrower; she initialed pages 1 through 7, but not page 8. The debtors' signatures and the notary acknowledgment appear on page 8:

---

1. Docket 56, 57, 58, 66.

2. The documents addressed in the stipulations refer to Larisa Doubova rather than Larisa Doubov, but the parties agree that the reference is to the debtor Larisa Doubov.

3. Docket 54.

4. The parties stipulated that "the Debtors" signed the note, but the copy of the note attached to the stipulations only had a signature line for Mr. Doubov and was signed only by him. *See* docket 54, exh. B.

Later, Ms. Doubov transferred her interest in the property to Mr. Doubov by a quitclaim deed. Both the mortgage and the quitclaim deed were recorded with the appropriate office.

Citimortgage is named as a defendant in this adversary proceeding because it is the successor by merger to ABN AMRO and currently holds the mortgage.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56(c) (made applicable by FED. R. BANKR.P. 7056); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S.

574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When the material facts of a case are undisputed, one of the parties is entitled to summary judgment. *Miller v. State Farm Mut. Auto. Ins. Co.,* 87 F.3d 822, 824 (6th Cir.1996). The material facts in this proceeding are not disputed based on the parties' stipulations, and the issues may be decided as a matter of law.

### IV. ISSUES

The trustee does not dispute that the Citimortgage mortgage is valid and encumbers at least a one-half interest in the property based on the properly executed mortgage given by Mr. Doubov. The issue is whether the notary's failure to identify Ms. Doubov in the certificate of acknowledgment makes the mortgage given by Ms. Doubov with respect to her one-half interest in the property invalid as against the chapter 7 trustee. Additionally, the

trustee and the debtors dispute the availability of the homestead exemption.

### V. THE POSITIONS OF THE PARTIES

The trustee's position is that he is entitled to avoid the mortgage as it relates to the one-half interest in the property formerly owned by Ms. Doubov because the notary who signed the mortgage did not properly acknowledge Ms. Doubov's signature. An improperly executed mortgage, he argues, does not give constructive notice of the mortgage to a bona fide purchaser and is not enforceable as against such a purchaser. As the bankruptcy code gives the trustee the status of a bona fide purchaser, the trustee states that he is entitled to set aside the mortgage as it relates to the one-half interest and to preserve it for the benefit of the estate under 11 U.S.C. §§ 544(a)(3) and 551.

Citimortgage argues that the mortgage was executed in substantial compliance with Ohio law and is valid as to the entire property. Citimortgage also contends that, even if the mortgage is defective as to Ms. Doubov's interest, the critical event is that she eventually transferred her property interest to Mr. Doubov. That transfer, Citimortgage argues, gives it an interest in the entire property by virtue of the mortgage given earlier by Mr. Doubov.

Each of the debtors asserts a homestead exemption and the trustee argues that only Mr. Doubov is entitled to an exemption.

### VI. DISCUSSION

#### A. 11 U.S.C. § 544(a)(3)

Bankruptcy code § 544(a) gives the trustee the power to avoid certain transfers. 11 U.S.C. § 544(a). The trustee here relies on § 544(a)(3), which provides that:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\* \* \*

■ (3) a bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). This provision, often called the "strong arm" clause, gives the trustee "the rights and powers of a bona fide purchaser of real property from the debtor if, at the time the bankruptcy is commenced, a hypothetical buyer could have obtained bona fide purchaser status." *Owen–Ames–Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.)*, 997 F.2d 1158, 1159 (6th Cir.1993). The rights of a bona fide purchaser of real property are determined under the law of the state in which the property is located, which in this case is Ohio. *Rogan v. Bank One, Nat'l Assoc. (In re Cook)*, 457 F.3d 561, 566 (6th Cir.2006). Any transfer avoided under § 544(a)(3) is preserved for the benefit of the estate. 11 U.S.C. § 551.

#### B. Ohio Law

##### 1.

■ In Ohio, a bona fide purchaser of real property "is bound by an encumbrance upon land only if he has constructive or actual knowledge of the encumbrance." *Tiller v. Hinton*, 19 Ohio St.3d 66, 482 N.E.2d 946, 949 (1985). The trustee's position as a bona fide purchaser

here is even stronger because § 544(a)(3) specifically provides that the trustee may avoid a transfer even if the trustee had actual knowledge of it. The critical question, then, is whether under Ohio law, the recorded mortgage provided the trustee with constructive knowledge of Citimortgage's interest in Ms. Doubov's one-half interest in the property at the time the case was filed. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1027 (6th Cir.2001). This requires determining whether the mortgage was properly executed because "[a] defectively executed mortgage is not entitled to record, and even if it is recorded, the defective mortgage is treated as though it has not been recorded." *Mortgage Electronic Registration Sys. v. Odita*, 159 Ohio App.3d 1, 822 N.E.2d 821, 825 (2004). An improperly executed mortgage does not, therefore, put a bona fide purchaser on constructive notice that it exists. *In re Zaptocky*, 250 F.3d at 1028. This concept extends to mortgages which are defective based on improper notarization. *Odita*, 822 N.E.2d at 825. In sum, if the mortgage was improperly executed, it was not entitled to be recorded, it would not give the trustee constructive notice of the claimed lien, and the trustee may avoid the mortgage and preserve it for the benefit of the estate.

### 2.

Ohio's requirements for the execution of a mortgage are set out in Ohio Revised Code § 5301.01(A), which states in relevant part:

(A) A ... mortgage ... shall be signed by the ... mortgagor[.] The signing shall be acknowledged by the ... mortgagor ... before a ... notary public ... who shall certify the acknowledgment and subscribe the official's name to the certificate of the acknowledgment.

OHIO REV.CODE § 5301.01(A). A notary's certificate of acknowledgment is required because it provides proof of due execution and authority for recording the mortgage. *Read v. Toledo Loan Co.*, 68 Ohio St. 280, 67 N.E. 729, 730 (1903); *Seabrooke v. Garcia*, 7 Ohio App.3d 167, 454 N.E.2d 961, 964 (1982).

When a notary certifies a mortgagor's acknowledgment of a mortgage, the notary is certifying: (1) that the "person acknowledging appeared before him and acknowledged he executed the instrument;" and (2) that the "person acknowledging was known to [the notary], or that the [notary] had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument." OHIO REV.CODE § 147.53. Although Ohio law provides statutory short forms of acknowledgment, the use of a specific form is not required. OHIO REV.CODE § 147.55. Instead, a certificate of acknowledgment is sufficient if it: (1) is in a form prescribed by Ohio law; (2) is in a form prescribed by the laws of the place where the acknowledgment is taken; or (3) it contains the words "acknowledged before me, or their substantial equivalent." OHIO REV.CODE § 147.54. In the case of a natural person, the phrase "acknowledged before me" means that the person signing her name appeared before the person taking the acknowledgment, acknowledged that she signed the instrument for the purpose stated in it, and that the person taking the acknowledgment either knew, or had satisfactory proof, that the person signing was the person named in the instrument. OHIO REV.CODE § 147.541.

A defect in the certificate of acknowledgment does not necessarily make a mortgage invalid under Ohio law. Courts have upheld the validity of mortgages where there has been substantial compliance with the requirement. *See Dodd v.*

512

*Bartholomew,* 44 Ohio St. 171, 5 N.E. 866 (1886) (upholding the validity of a mortgage's certification of acknowledgment which included a scrivener's error in its description of the mortgagors); *Citifinancial, Inc. v. Howard,* No. 6–08–08, 2008 WL 4193051, at *5 (Ohio Ct.App. Sept.15, 2008) (upholding a certificate of acknowledgment which included a corporate acknowledgment rather than an individual acknowledgment, and noting that the acknowledgment "is consistent with the terms set forth on the face of the mortgage itself which show that an individual [Howard] is the mortgagor and not the corporation."); *Mid–American Nat'l Bank & Trust Co. v. Gymnastics Int'l, Inc.,* 6 Ohio App.3d 11, 451 N.E.2d 1243,1245 (1982) (holding that a certificate of acknowledgment which included an incomplete description of the grantor substantially complied with § 5301.01); *see also Menninger v. First Franklin Fin. Corp. (In re Fryman),* 314 B.R. 137 (Bankr. S.D.Ohio 2004) (discussing Ohio case law on this issue and concluding that a certificate of acknowledgment which included the name of only one mortgagor but used the handwritten plural pronouns "they" and "their" for the balance of the acknowledgment substantially complied).

■ At a minimum, however, "Ohio law requires some indication in the certificate of acknowledgment that the notary actually witnessed the mortgagor sign or heard [her] acknowledge [her] signature." *Helbling v. Mortgage Electronic Registration Sys., Inc. (In re Cala),* Adv. No. 07–1272, 2008 WL 2001761, at *5 (Bankr.N.D.Ohio May 6, 2008). *See Smith's Lessee v. Hunt,* 13 Ohio 260 (Ohio 1844) (holding that an acknowledgment clause which was blank and contained no indication regarding the identity of the individual acknowledging the mortgage was defective); *Geygan v. World Savings Bank, FSB (In re Nolan),* 383 B.R. 391, 396 (6th Cir. BAP 2008) (concluding that a certificate of acknowledgment which does not identify the individuals who signed the document is defective); *Drown v. Countrywide Home Loans, Inc. (In re Peed),* 403 B.R. 525, 535–36 (Bankr.S.D.Ohio 2009) (failure of notary to identify the person acknowledging the signing of a first and second mortgage in the acknowledgment clauses of the mortgages rendered the mortgages defective); *accord Gregory v. Ocwen Fed. Bank (In re Biggs),* 377 F.3d 515, 518–20 (6th Cir.2004) (addressing the same issue under Tennessee law); *Rogan v. America's Wholesale Lender (In re Vance),* 99 Fed.Appx. 25, 27 (6th Cir.2004) (addressing the same issue under Kentucky law).

■ The stipulations show that the certificate of acknowledgment on the mortgage is defective. The notary's certificate of acknowledgment does not identify or otherwise refer to Ms. Doubov. Citimortgage argues that this is not a fatal defect based in large part on the holding of the *Fryman* case. The acknowledgment here, however, is significantly different than the one in *Fryman.* In *Fryman,* the handwritten pronouns added to the acknowledgment showed that the notary was acknowledging more than one signature, while this acknowledgment on its face is solely as to Mr. Doubov. Citimortgage next argues that the missing acknowledgment can be constructed by looking to the signatures on the mortgage and the adjustable rate rider, as well as the initials which appear on the bottom of seven of the eight pages. A certificate of acknowledgment, however, is not something that is pieced together by looking to various parts of the relevant documents; it is a specific statutory formality. *In re Cala, supra* at *6; *Drown v. EverHome Mortgage Co. (In re Andrews),* 404 B.R. 275, 279 (Bankr. S.D.Ohio 2008).

The notary was required to certify that Ms. Doubov acknowledged the mortgage, and this notary did not. Consequently, the court concludes that the mortgage does not include a valid certificate of acknowledgment and was not properly executed under Ohio law. The improperly executed mortgage was not entitled to be recorded. As a result, the mortgage as to Ms. Doubov's one-half interest in the property did not give the trustee constructive notice of the encumbrance, and the trustee is entitled to avoid and preserve it for the benefit of the estate.

■ Citimortgage contends that this result would give the trustee a windfall, although it does not cite any legal principal that this is a defense to the trustee's action. Moreover, the court does not believe that a decision upholding the trustee's position results in a windfall to the estate. A windfall is generally defined as "[a]n unanticipated benefit, usu. in the form of a profit, and not caused by the recipient." *Black's Law Dictionary* 1631 (8th ed.2004). In this case, Ohio has long required that signatures on mortgages be properly acknowledged. The trustee, seeing that the acknowledgment was not properly executed, brought this action. Citimortgage could easily have protected its interest by making sure that the notary properly acknowledged the signatures. It did not. The result in this case based on Citimortgage's failure to do so is not a windfall to the trustee.

### 3.

■ Alternatively, Citimortgage argues that when Ms. Doubov transferred her interest in the property to Mr. Doubov, the mortgage given by Mr. Doubov on his one-half interest in the property expanded to cover the entire property. Thus, the argument goes, any alleged defect in the mortgage given by Ms. Doubov is irrelevant. Citimortgage did not cite any term of the mortgage that supports this result, nor did it analyze the issue under Ohio law.

When the debtors granted the mortgage, they held the property under a survivorship tenancy. *See* OHIO REV.CODE §§ 5302.17, 5302.20. Under this form of ownership, each survivorship tenant holds an equal share of the title to the property during their joint lives (unless the instrument creating the tenancy provides otherwise, which this one does not). OHIO REV. CODE § 5302.20(B). Where there are two survivorship tenants and one of the tenants transfers her interest in the property to the other, the survivorship tenancy terminates and title to the property is vested in the grantee. OHIO REV.CODE § 5302.20(C)(2).

Based on these statutes, when Ms. Doubov quitclaimed her interest in the property to her husband, the couple's survivorship tenancy terminated and title to the property vested in Mr. Doubov. Citimortgage argues that this somehow expands the mortgage given by Mr. Doubov in his one-half undivided interest to cover the entire property. Ohio law does not lead to that result.

■ Under Ohio law, a person is precluded from granting a mortgage on property in which he has no interest. *See Ins. Co. of N. Am. v. First Nat'l Bank of Cincinnati*, 3 Ohio App.3d 226, 444 N.E.2d 456, 459 (1981). Additionally, "a mortgagor can only bind the estate or property he has, and 'a mortgagee can take no greater title than that held by the mortgagor.'" *Stein v. Creter (In re Creter)*, Adv. No. 06–2042, 2007 WL 2615214, at *4 (Bankr. N.D.Ohio Sept. 5, 2007) (quoting 69 Ohio Jur.3d *Mortgages and Deeds of Trust* § 17); *see also Stubbins v. HSBC Mortgage Servs., Inc. (In re Slack)*, 394 B.R. 164, 170 (Bankr.S.D.Ohio 2008). When

Mr. Doubov gave the mortgage to Citifinancial, he only held title to the property under a survivorship tenancy; that one-half interest is what he mortgaged. *Id.* Citimortgage has not cited any term in the mortgage that would support or require a different result, and the court has found none. Therefore, although Citimortgage argues that there is a question of fact on this issue which precludes summary judgment, the evidence submitted on the motion does not support that position.

Based on the above, the court concludes that the mortgage does not extend to the interest in the property which Mr. Doubov acquired from Ms. Doubov under the quitclaim deed.

### C.

### *Determining the Other Parties' Interests in the Property*

■ In count two of the amended complaint, the trustee asks that the interests of the parties be determined. As found above, Citimortgage has a valid mortgage with respect to a one-half interest in the property. The trustee has entered into separate agreed orders with RBS Citizens, N.A. and the Cuyahoga County treasurer. The remaining issue is the extent of the debtors' exemptions with respect to the property.

The debtors filed an answer asserting that each is entitled to a full homestead exemption of $20,200.00. The trustee contends that Ms. Doubov is not entitled to an exemption because she did not own an interest in the property when she filed the bankruptcy case. The debtors did not file a brief in opposition.

■ The bankruptcy code provides that a debtor is entitled to exempt certain property from the estate. 11 U.S.C. § 522. Ohio has opted out of the federal exemptions, which means that Ohio law governs the availability of the homestead exemption. Under that law, a debtor may exempt an interest in real property "use[d] as a residence" in an amount up to $20,200.00. OHIO REV.CODE § 2329.66(A)(1)(b). The homestead exemption is determined as of the date on which the debtors filed their petition. *In re Jaber*, 406 B.R. 756, 762 (Bankr. N.D.Ohio 2009); *In re Cope*, 80 B.R. 426, 427 (Bankr.N.D.Ohio 1987).

The trustee's position on this issue is correct based on the stipulated facts. Ms. Doubov did not have an interest in the property on the filing date because she had earlier quitclaimed her interest to her husband. Moreover, to the extent that she may be claiming a homestead exemption based on a dower interest in the property, she did not have any such interest because she did not reserve it to herself when she executed the quitclaim deed. *Whitt v. Whitt*, No. 02–CA–93, 2003 WL 21384590, at *3 (Ohio Ct.App. June 13, 2003). Ms. Doubov is not, therefore, entitled to a homestead exemption.

### VII. *CONCLUSION*

For the reasons stated, the trustee is granted summary judgment:

On count I of the amended complaint holding that the mortgage as it relates to the one-half interest in the property formerly owned by Larisa Doubov is avoided and preserved for the estate; and

On count II of the amended complaint holding that Larisa Doubov is not entitled to a homestead exemption, that Vyacheslav Doubov is entitled to an exemption in the amount of $20,200.00, and that Citimortgage has a valid mortgage on a one-half interest in the property

A separate order will be entered reflecting this decision.

## JUDGMENT

For the reasons stated in the memorandum of opinion entered this same date, the plaintiff-trustee is granted summary judgment against defendant Citimortgage, Inc. on count I of the amended complaint. The defendant's mortgage as it relates to the one-half interest in the property formerly owned by Larisa Doubov is avoided and preserved for the estate. The plaintiff is also granted summary judgment on count II of the amended complaint as follows: Larisa Doubov is not entitled to a homestead exemption with respect to the property; Vyacheslav Doubov is entitled to a homestead exemption in the amount of $20,200.00; and Citimortgage has a valid mortgage on a one-half interest in the property.

IT IS SO ORDERED.