In re Michelle Lynn SLACK, Debtor.

Brent Stubbins, Case Trustee, Plaintiff,

v.

HSBC Mortgage Services, Inc. and Michelle Lynn Slack, Defendants.

Bankruptcy No. 07–54091.
Adversary No. 07–02292.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Sept. 11, 2008.

---

Mark Stubbins, Zanesville, OH, for Plaintiff.

Amelia A. Bower, Columbus, OH, for Defendant.

Michelle Lynn Slack, Crooksville, OH, pro se.

Jefferson H. Massey, Zanesville, OH, for Debtor.

Brent A Stubbins, Zanesville, OH, pro se.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

Plaintiff Brent Stubbins ("Trustee"), Case Trustee in the underlying Chapter 7 bankruptcy case, initiated this adversary proceeding against Defendants HSBC Mortgage Services, Inc. ("HSBC") and Debtor Michelle L. Slack ("Debtor") to determine the status of HSBC's mortgage on certain real property owned by the Debtor. Before the Court are the Plaintiff's Motion for Summary Judgment Against Defendant HSBC Mortgage Services, Inc. ("Motion") (Doc. 25) and the Brief of HSBC Mortgage Services, Inc. in Opposition (Doc. 27). The Trustee seeks a determination that HSBC's mortgage attaches to only a one-half interest in the real property and that the other one-half interest is unencumbered property of the estate. Because Debtor only owned a one-half interest in the property when she executed the mortgage documents, the Court agrees that the mortgage attaches to only that one-half interest.

The Court having considered the record and the arguments of the parties makes the following findings of fact and conclusions of law.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District.[1] This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

1. HSBC contends that because a foreclosure action was filed in state court prior to the filing of the petition for relief and remains pending, this Bankruptcy Court lacks jurisdiction over the real property at issue in this proceeding. This argument will be addressed in a later section of this Opinion, but the Court ultimately concludes that it does in fact have jurisdiction over this matter.

## I. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505.

When deciding a motion for summary judgment, all justifiable inferences must be drawn in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. 2505. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## II. Factual Background

The material facts of this case have been summarized in the parties' Stipulations of Fact (Doc. 20) and therefore are not in dispute.

At the center of this adversary proceeding is real property located at 12071 Buzzard Glory Road in Crooksville, Ohio (the "Property"), valued at $64,000 on Debtor's Schedule A. Debtor and Chad Inman ("Inman") obtained title to the Property by Warranty Deed ("Warranty Deed") executed May 23, 2003 and filed for record June 11, 2003 in the Perry County Recorder's Office in Book 296 Page 1375.

On August 24, 2004, Debtor executed and delivered to Mortgage Electronic Registration Systems, Inc., acting as nominee for HSBC, a mortgage ("Mortgage") on the Property in the principal amount of $62,000. The Mortgage was filed for record August 31, 2004 in the Perry County Recorders Office in Book 313 Page 1269. Only Debtor Michelle Slack signed the Mortgage to encumber the Property; Chad Inman's name does not appear anywhere in the Mortgage.

Over two years later, on October 22, 2006, Inman executed a quit claim deed, conveying his rights to and interest in the Property to Debtor. The quit claim deed was filed for record in the Perry County Recorder's Office on December 13, 2006.

On May 8, 2007, HSBC filed a complaint for foreclosure against Debtor in the Perry County Court of Common Pleas. Debtor was served with a Summons on May 14, 2007. On May 30, 2007, Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. The Plaintiff is the duly appointed Chapter 7 Trustee.

## III. Arguments of the Parties

The Trustee contends that at the time when Debtor executed the Mortgage, she was the owner of only an undivided one-half interest in the Property. As such, she could not grant a mortgage that encumbered more than that interest which she herself possessed, and therefore HSBC's Mortgage attaches to and encumbers only that one-half interest.

HSBC argues that the doctrine of lis pendens prevents the Trustee from attaining the status of a bona fide purchaser and therefore precludes application of the Trustee's strong arm powers under 11 U.S.C. § 544(a)(3) to avoid HSBC's lien. HSBC further argues that this Court is without jurisdiction over the Property and this matter due to the prior commencement of the foreclosure action.[2]

## IV. Discussion

Trustee seeks a determination by this Court of the extent of HSBC's Mortgage on the Property. The term "extent" refers to "the scope of the property encompassed by or subject to the lien." *In re Beard,* 112 B.R. 951, 955 (Bankr.N.D.Ind. 1990); *see also In re Hudson,* 260 B.R. 421, 433 (Bankr.W.D.Mich.2001).

### A. This Court Has Jurisdiction Over the Property

■ The threshold question, according to HSBC, is whether the Court can exercise jurisdiction over the Property and re-lated issues. HSBC contends that it cannot because the state court foreclosure was filed first. HSBC does not cite any authority supporting this proposition.

■ Section 541 of the Bankruptcy Code provides that commencement of a case under Title 11 of the U.S.Code creates an estate comprised of all property in which the Debtor has a legal or equitable interest. Subject matter jurisdiction over all bankruptcy cases and property of the bankruptcy estate is vested in the federal courts by 28 U.S.C. § 1334. Specifically, "[t]he district court in which a case under title 11 is commenced or is pending shall have *exclusive* jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate[.]" 28 U.S.C. § 1334(e)(1) (emphasis added). The district courts may refer some or all bankruptcy cases or proceedings arising in or related to a bankruptcy case to the bankruptcy court for the district. 28 U.S.C. § 157(a). By General Order dated October 24, 2005, the Southern District of Ohio has so provided. As of commencement of this bankruptcy case on May 30, 2007, a foreclosure action had been filed, but the Property had not yet been sold. Title passes upon judicial sale. *Vieland v. First Federal Savings Bank (In re Vieland),* 41 B.R. 134, 139 (Bankr.N.D.Ohio 1984) ("[C]onfirmation of a judicial sale relates back to the day of sale and passes title as of that day.") (citing *Jashenosky v. Vol-*

---

**2.** HSBC also contends that mandatory abstention is appropriate in this case. "The criteria that call for mandatory abstention under 28 U.S.C. § 1334(c)(2) are (1) a party to the proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a related (non-core) proceeding; (4) absent section 1334(b), the cause of action (one 'related' to the bankruptcy case) could not have been commenced in a federal court; and (5) the proceeding is commenced and can be timely adjudicated in a state forum." 3 Collier on Bankruptcy ¶ 3.05[2] (15th ed. rev. 2003). The first requirement is that a party files a timely motion to abstain. HSBC raises the issue of mandatory abstention, somewhat cursorily, as an alternative argument in its Brief in Opposition to Plaintiff's Motion for Summary Judgment. As such, the issue is not properly before the Court at this time and will not be considered.

*rath*, 59 Ohio St. 540, 53 N.E. 46, 47 (1899)). Because no sale had yet taken place, Debtor still retained legal title to the Property. The Property was therefore property of the estate over which this Court has jurisdiction.

### B. Lis Pendens Does Not Prevent the Trustee from Seeking a Determination of the Extent of HSBC's Mortgage

HSBC next asserts that, because the foreclosure action on the Property was filed in state court prior to the filing of the petition for relief, the doctrine of lis pendens applies to rob the Trustee of the bona fide purchaser status granted by 11 U.S.C. § 544(a)(3)—often called the "strong arm statute"—and put all on notice of HSBC's interest in the Property. The strong arm statute provides, in relevant part that "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by[,] a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case. . . ." 11 U.S.C. § 544(a)(3).

 Ohio's lis pendens statute provides that "[w]hen summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." Ohio Rev.Code § 2703.26. The statute "operates upon the filing of a judicial foreclosure suit in Ohio, if the subject property is specifically described, and . . . it provides constructive notice to all of the mortgagee's interest, whatever that may be." *Treinish v. Norwest Bank Minn. (In re Periandri)*, 266 B.R. 651, 654 (6th Cir. BAP 2001). That is, the doctrine acts to provide to all the world, including a Chapter 7 trustee, constructive notice of the foreclosure action and the complaining party's interest in the subject property, and thereby prevents the trustee from attaining the status of a bona fide purchaser.

 In order for the doctrine of lis pendens to apply, three elements must be present: (1) the property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the property; and (3) the property involved must be sufficiently described in the pleadings. *Cook v. Mozer*, 108 Ohio St. 30, 140 N.E. 590, 592 (1923). In addition, "the property described in the pleadings must be at the very essence of the controversy between the litigants." *In re Ochmanek*, 266 B.R. 114, 121 (Bankr. N.D.Ohio 2000) (citing *Katz v. Banning*, 84 Ohio App.3d 543, 617 N.E.2d 729, 733 (1992)). Each of the elements enumerated by the Ohio Supreme Court is present in this case. First, the Property in question is real property and thus of a character to be subject to the rule. Second, there is no dispute that the Perry County Court of Common Pleas has jurisdiction over both the Debtor and the Property. Third, the Complaint in Foreclosure contains a complete legal description of the Property, identical to that contained in the Warranty Deed and the Mortgage. Finally, the Property is at the very essence of this action. It is apparent, then, that the doctrine of lis pendens is applicable.

While agreeing entirely with the conclusions HSBC draws regarding the applicability and effect of the lis pendens statute, the Court cannot quite see how it impacts the present adversary proceeding. In his Motion, the Trustee makes no allegation

that the Mortgage is invalid, improperly acknowledged or notarized, or in any other way defective. The Trustee is not seeking to invalidate or avoid the Mortgage, and therefore the Trustee's strong arm powers are not implicated in this proceeding. The lack of bona fide purchaser status in no way prevents the Trustee from seeking a determination of the scope of a lien pursuant to Federal Rule of Bankruptcy Procedure 7001(2), which is the only relief that the Trustee seeks and which the Court of Common Pleas has not yet determined.[3]

The Mortgage document contains the complete legal description of the Property known as 12071 Buzzard Glory Road, Crooksville, Ohio 43731. The Mortgage, however, is executed only by the Debtor and not by Inman. Only the Debtor Michelle Slack is defined as "Borrower" under the Definitions section of the document. At issue, then, is to what interest in the Property the Mortgage extends.

■ The Ohio Revised Code provides that "every grant, conveyance, or mortgage of lands, tenements, or hereditaments shall convey or mortgage the *entire interest* which the grantor could lawfully grant, convey, or mortgage, unless it clearly appears by the deed, mortgage, or instrument that the grantor intended to convey or mortgage a less estate." Ohio Rev. Code § 5301.02 (emphasis added). *See*

*Laymon v. Bennett*, 75 Ohio App. 233, 61 N.E.2d 624, 626 (1944) (The Grantor was "not limited to any set phrase in expressing the intention [to convey her estate]. Whatever language she chose to use would convey the title she had in the described real estate...."). It is axiomatic that a "mortgagor can only bind the estate or property he has, and 'a mortgagee can take no greater title than that held by the mortgagor.'" *Stein v. Creter (In re Creter)*, 2007 WL 2615214, *4 (Bankr.N.D.Ohio Sept.5, 2007) (quoting Ohio Jur.3d Mortgages and Deeds § 136). That is, the Mortgage encumbers only that interest in the Property held by the Debtor when she executed the Mortgage.

■ The previous owners conveyed the Property by Warranty Deed to Chad Inman and Michelle Slack, with rights of survivorship. *See* Ohio Rev.Code § 5302.20(A) ("[I]f any interest in real property is conveyed or devised to two or more persons for their joint lives and then to the survivor or survivors of them, those persons hold title as survivorship tenants, and the joint interest created is a survivorship tenancy.") "Each survivorship tenant holds an equal share of the title during their joint lives...." Ohio Rev.Code § 5302.20(B). Ohio Revised Code § 5302.20(C)(2) provides that a conveyance from a survivorship tenant "does not alter

---

**3.** HSBC's argument seems to focus not on the Trustee's present request to determine the scope of the Mortgage, but rather on what happens next, suggesting that the Trustee could not sell the Property and convey a marketable title to the buyer while the state court action is pending. This is, of course, incorrect. The Bankruptcy Code specifically authorizes sale of property of the estate, regardless of the pendency of any state court judicial proceeding. *See, e.g.,* 11 U.S.C. § 363. HSBC's theory completely ignores this. It is not unusual for foreclosure cases to be pending when a debtor seeks relief under the Bankruptcy Code, and a foreclosure action

does not impede a reorganization which includes the property under foreclosure or a trustee's liquidation and administration of property of the estate.

In any case, while the Trustee's Motion does make passing reference to his intent to sell or dispose of the other one-half interest in the Property, no motion to sell property of the estate is before the Court at this time, and any consideration of what the Trustee may or may not do in the future as to the Property and the estate's interest therein is purely speculative. What *is* before the Court is the Trustee's Motion for Summary Judgment to determine the scope of HSBC's Mortgage.

the interest in the title of any of the other survivorship tenants who do not join in the conveyance." At the time the Mortgage was executed, Debtor and Inman each held an undivided one-half interest in the Property. Therefore, when Debtor mortgaged her own one-half interest in the Property, she did so without affecting the one-half interest then held by Inman. As Debtor could not lawfully convey an interest greater than what she herself possessed at the time, the Mortgage extends only to the one-half interest in the Property that she held on the date of execution of the Mortgage.

HSBC has neither alleged a genuine issue of material fact nor put forth any legal argument sufficient to secure a ruling in its favor.

## V. Conclusion

This Court finds that there is no genuine issue as to any material fact and that Plaintiff Trustee is entitled to judgment as a matter of law. For the reasons discussed above, because the Mortgage extends to and encumbers only one-half of the Debtor's interest in the Property, Trustee's Motion for Summary Judgment is granted.

The Court will enter a separate judgment consistent with the foregoing.